IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| UNITED STATES OF AMERICA  PLAINTIFF  V.  LEONEL ALEXANDER CAMACHO-LUGO  DEFENDANT | CRIM NO. 20-382 (RAM) |
|---|---|

**SENTENCING MEMORANDUM**

TO THE HONORABLE COURT:

COMES NOW, defendant Leonel Alexander Camacho-Lugo (hereinafter Mr. Camacho), through his undersigned attorney and respectfully states and prays:

I. PROCEDURAL AND LEGAL BACKGROUND

Mr. Camacho plead guilty to Count One of the instant Indictment on January 24, 2023, which charged him with conspiracy to possess with intent to distribute a controlled substance on board a vessel subject to the jurisdiction of the United States in violation of Title 46 United States Code, Sections 70503(a)(1), 70506(a) and (b).

The parties agreed to the pertinent guideline calculation for the offense. As Camacho and the Government stipulated that he was going to be held accountable for possessing more than 450 kilograms cocaine, the base offense level, of 38 applies pursuant to U.S.S.G. §2D1.1(c)(4). As Mr. Camacho timely accepted responsibility, a three (3) level reduction for acceptance of responsibility, pursuant to USSG §3E1.1, was stipulated. The final offense level agreed to in the plea agreement was 35.

Nonetheless, pursuant to the plea, the parties agreed to jointly recommend a

sentence of imprisonment of 36 months, regardless of the criminal history applicable to Mr. Camacho. Accordingly, and as allow by the terms of the plea agreement, Mr. Camacho requests that this Court follows the parties' recommendation and sentence Mr. Camacho to a sentence of 36 months.

## II. APPLICATION OF THE STATUTORY SENTENCING FACTORS TO THE FACTS OF THIS CASE

It is respectfully requested that the following factors be considered in the instant case, when determining the type and length of sentence sufficient, but not greater than necessary, to satisfy the purposes of sentencing:

A. **The Nature and Circumstances of the Offense and the History and Characteristics of the Offender**

1. <u>Nature and Circumstances Relevant to the Offense of Conviction</u>**:**

While Mr. Camacho is charged as part of a conspiracy that involved a single attempted drug importation event. The relevant conduct applicable to involves a drug importation attempt that occurred on November 1, 2020, in international waters. Mr. Camacho is a life-long fisherman from Venezuela, was recruited to participate in the smuggling venture while working in a fishing boat.

As reflected in the PSR financial strains moved Mr. Camacho to participate in the smuggling venture. He comes from a very poor family and grew up in very difficult conditions. He reported to the probation officer that the house in which he grew up and were he still resides with many other relatives is owned by his grandmother and continues to deteriorate. Some portions of the house flood when there is rain, and he resides with his relatives in cramped, uncomfortable facilities. The poverty he is and his family have suffered is so severe that he remembers not having adequate access to

food.

To attempt to provide needed moneys for house repairs and food for his two (2) year old son and for the other relatives that live with him. The Court can take notice of the deteriorating life conditions in Venezuela in the last years and the lack of access to secure food, housing and health treatment for the poor. Under the aforementioned circumstances and for the first time in his life, Mr. Camacho agreed participate and assist in the attempted smuggling of cocaine.

Mr. Camacho has accepted responsibility and recognized the serious error committed by him. This error caused him to lose access to his family and wife. Furthermore, his mistake left his wife and child without the primary source of family income that he provided. No evidence of violence is included in the Indictment or in the plea agreement in this case. Nor are there any *indicia* of violence imputable to Mr. Camacho as part of the relevant conduct in this case.

**B.    The Need for the Sentence Imposed to Reflect the Seriousness of the Offense, to Promote Respect for the Law, and to Provide Just Punishment for the Offense; to Afford Adequate Deterrence to Criminal Conduct; to Protect the Public from Further Crimes of the Defendant; and to Provide the Defendant with Needed Educational or Vocational Training, Medical Care, or other Correctional Treatment in the most Effective Manner.**

    1.    <u>Defendant Has No Prior Criminal History and His Personal Circumstances Supports the Conclusion that there is a Very Low Risk that he Recurs in any Type of Criminal Conduct Again</u>:

Defendant has no prior criminal record. Thus, Defendant is a Criminal History Category of I, a "true first-time offender", as such term has been defined by the Sentencing Guideline Commission in a report issued in 2004.[1] He is a Defendant with

---

[1] See: "Recidivism and the "First Offender", A Component of the Fifteen Year Report on the U.S. Sentencing Commission's Legislative Mandate. May 2004. Such report defines the "true first offender"

no apparent pattern of arrests or violent conduct. In the referenced report the Sentencing Commission reviewed statistical data for recidivism of first-time offenders. The report found that "all offenders with zero criminal history points have a primary recidivism rate of 11.7%.

In imposing the least sentence sufficient to account for the need to protect the public from further crimes of Mr. Camacho, this Court should consider the statistically low risk of recidivism presented by defendant's history and characteristics. *See, e.g.*, *United States v. Darway,* 255 Fed. Appx. 68, 73 (6th Cir. 2007) (upholding downward variance on basis of defendant's first-offender status); *United States v. Hamilton*, 323 Fed. Appx. 27, 31 (2d Cir. 2009) ("the district court abused its discretion in not taking into account policy considerations with regard to age recidivism not included in the Guidelines"); *United States v. Urbina*, slip op., 2009 WL 565485, *3 (E.D. Wis. Mar. 5, 2009) (considering low risk of recidivism indicated by defendant's lack of criminal record, positive work history, and strong family ties); *United States v. Cabrera*, 567 F. Supp. 2d 271, 279 (D. Mass. 2008) (granting variance because defendants "with zero criminal history points are less likely to recidivate than all other offenders").

Taking all of the above into consideration the Court may very well hold that the appearing Defendant has a very low risk, if any, of recurring in any type of criminal conduct and consider sentencing to the agreed lower end of the applicable guidelines, jointly with the mandatory minimum sentence for possessing a firearm in this case.

2. <u>Just Punishment:</u>

Mr. Camacho's sentencing recommendation to the Court in this case is for a total

---

as any defendant who had no prior convictions nor prior criminal conduct." (Report can be found at http://www.nlpoa.org/Recidivism_First_Offender_US_Sentencing_Commision.swf).

sentence of 36 months, which is a variance sentence negotiated with the government as part of package plea agreement for similarly situated defendants who were fishermen in the Frania II vessel when they were arrested. As the probation officer explained in the PSR at ¶90 "the Court may consider that this type of smuggling venture usually entails large amounts of controlled substances, yet the individuals involved rarely benefit of the proceeds, and their participation is limited in scope and understanding."

In this case, given the factual circumstances of the case, a higher sentence will instead be greater than reasonably necessary to satisfy such sentencing requirements.

**WHEREFORE,** it is respectfully requested that this Honorable Court takes into consideration all of the aforementioned facts in sentencing the appearing defendant.

**Respectfully submitted**.

**I HEREBY CERTIFY**: That on April 30, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF systems that will send notification of such filling.

In San Juan, Puerto Rico, this April 30, 2023.

S/RAÚL S. MARIANI FRANCO
RAÚL S. MARIANI FRANCO
USDC-PR NO.: 210309
P.O. BOX 9022864
SAN JUAN, PR 00902-2864
Tel.: (787) 620-0038
marianifrancolaw@gmail.com